IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DAVID KILLAM | § | |
|            **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| AIG PROPERTY CASUALTY COMPANY, | § | |
| AIG PRIVATE CLIENT GROUP, | § | CIVIL ACTION NO. _____ |
| CHARTIS PROPERTY CASUALTY CO., | § | |
| AMERICAN INTERNATIONAL GROUP, | § | |
| INC. and "AIG," | § | |
|            **Defendants.** | § | |

**DEFENDANT CHARTIS PROPERTY CASUALTY CO.'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

      Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Chartis Property Casualty Co. ("Chartis") in Cause No. 2016CVF001099 D1, pending in the 49th Judicial District Court of Webb County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Laredo Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

**I.
FACTUAL BACKGROUND**

      1.1    On or about April 29, 2016, Plaintiff David Killam filed Plaintiff's Original Petition in the matter styled *David Killam v. AIG Property Casualty Company, AIG Private Client Group, Chartis Property Casualty Co., American International Group, Inc. and "AIG",* Cause No. 2016CVF001099 D1, pending in the 49th Judicial District Court of Webb County, Texas, in which Plaintiff alleges Chartis, and other defendants, improperly adjusted and denied Plaintiff's

claims for property damage to his home under a homeowner's insurance policies issued by Chartis and Defendant AIG Property Casualty Company.

1.2     Defendant Chartis issued a homeowners policy to Plaintiff, providing coverage from October 12, 2013 to October 12, 2014.  On May 22, 2014, Plaintiff provided notice of a water leak in Plaintiff's home, and claim number 551345 was assigned.  The claim was adjusted, and a written decision, on behalf of Defendant Chartis, was sent to Plaintiff on July 16, 2014.

1.3     Defendant AIG Property Casualty Company issued a homeowners policy to Plaintiff, providing coverage from October 12, 2014 to October 12, 2015.  On November 6, 2014, Plaintiff provided notice of a new water leak in Plaintiff's home, and claim number 553986 was assigned.  The claim was adjusted, and a written decision, on behalf of Defendant AIG Property Casualty Company, was sent to Plaintiff on January 12, 2015.

1.4     On May 9, 2016, Plaintiff requested citations be issued to Defendants AIG Property Casualty Company, Chartis Property Casualty Co., AIG Private Client Group, American International Group, and AIG.  On May 16, 2016, Defendants AIG Property Casualty Company, American International Group, Inc., and AIG were served.  On May 19, 2016, Defendant AIG Private Client Group was served.  Defendant Chartis has not been served but voluntarily appeared in the litigation on June 6, 2016.

1.5     The remaining defendants, AIG Private Client Group, American International Group, Inc., and "AIG" have not appeared in the litigation.

1.6     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit A is the Index of State Court Documents, including processes, pleadings, and orders served in the state court case, and a copy of the State Court Docket Sheet.  Attached as Exhibit B is a List of Parties and Counsel.

## II.
## BASIS FOR REMOVAL

2.1    Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2    Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.    THE PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3    Plaintiff is, and was at the time the lawsuit was filed, a natural person and resident of Webb County in the State of Texas and thus, a citizen of Texas.  *See* Plaintiff's Original Petition, ¶ 2.

2.4    Defendant Chartis is a New York corporation with its principal place of business in New York and is a citizen of the State of New York for diversity purposes, and therefore, complete diversity exists.

2.5    Defendant AIG Property Casualty Company is also a New York corporation with its principal place of business in New York and is a citizen of the State of New York for diversity purposes, and therefore, complete diversity exists as to Defendant AIG Property Casualty Company.

2.6    The remaining defendants – AIG Private Client Group, American International Group, Inc., and "AIG" -- are not insurance companies, and AIG Private Client Group and "AIG" are not legal entities.  Plaintiff has identified these defendants as foreign companies, doing insurance business in Texas, as well.  Accordingly, complete diversity will exist as to these remaining defendants.

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.7   In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.8   This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable under residential insurance policies because Plaintiff made claims under these policies and Defendants wrongfully adjusted and denied Plaintiff's claims.

2.9   Plaintiff has specifically pled that he is seeking monetary relief over $200,000, but not more than $1,000,000. *See* Plaintiffs' Original Petition, ¶2.   This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Chartis has not been served with Plaintiff's Original Petition, but voluntarily appeared in the litigation on June 6, 2016.  This notice of removal is filed within the requirements of 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant Chartis files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Webb County District Court, promptly after Defendant Chartis files this Notice.

3.6    Defendant AIG Property Casualty Company does not object to this Removal.

# IV.
# CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Chartis Property Casualty Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

 /s/ Jennifer M. Kearns
Jennifer M. Kearns
Southern District Bar No. 1127140
State Bar No. 24049865
701 Brazos, Suite 1500
Austin, Texas  78701
Telephone:     (512) 708-8200
Facsimile:     (512) 708-8777
E-Mail:  jkearns@thompsoncoe.com

**COUNSEL FOR DEFENDANT
CHARTIS PROPERTY CASUALTY CO. and
AIG PROPERTY CASUALTY COMPANY**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 20th day of June, 2016, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules, as follows:

William J. Chriss
State Bar No. 04222100
WILLIAM J. CHRISS, P.C. *(of counsel to)*
GRAVELY & PEARSON, L.L.P.
606 N. Carancahua Street, Suite 1511
Corpus Christi, Texas 78401
Telephone: (361) 884-3330
Facsimile: (512) 590-8696
wjchriss@gplawfirm.com

Marc Gravely
State Bar No. 00787582
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110
mgravely@gplawfirm.com

    /s/ *Jennifer M. Kearns*
Jennifer M. Kearns