## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS, LAREDO DIVISION

| | | |
|---|---|---|
| **DAVID KILLAM** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AIG PROPERTY CASUALTY COMPANY,** | § | |
| **AIG PRIVATE CLIENT GROUP,** | § | **CIVIL ACTION NO. _____** |
| **CHARTIS PROPERTY CASUALTY CO.,** | § | |
| **AMERICAN INTERNATIONAL GROUP,** | § | |
| **INC. and "AIG,"** | § | |
| **Defendants.** | § | |

## INDEX OF MATTERS BEING FILED

Exhibit A:    Index of matters filed with attached State Court Clerk's file including processes, pleadings and orders served in State Court case and copy of State Court Docket Sheet

Exhibit B:    List of Parties and Counsel

**EXHIBIT A**



As of 6/20/2016 11:31:37 AM

## Case # 2016CVF001099 D1

**David Killam vs. Aig Property Casualty Company, Aig Private Client Group, Chartis Property Casualty Co, American International Group Inc, Aig**

**Type:**       Contract

**Date Filed:**   4/29/2016 12:00:00 AM

**Court:**      49th District Court

**Complaint:**   Contract

| Party Information | |
|---|---|
| **Name** | **Affiliation** |
| Aig Property Casualty Company | Defendant |
| Aig Private Client Group | Defendant |
| Chartis Property Casualty Co | Defendant |
| American International Group Inc | Defendant |
| Aig | Defendant |
| David Killam | Plaintiff |

| Attorney Information | |
|---|---|
| **Name** | **Affiliation** |
| Jennifer M. Kearns | Attorney for Defendant |
| Jennifer M. Kearns | Attorney for Defendant |
| William J Chriss | Attorney for Plantiff |

### Court Dates

| Date | Description | Status |
|---|---|---|
| 7/5/2016 1:30:00 PM | Calendar Call | Open |

### Activity

| Date | Type | Description |
|---|---|---|
| 6/6/2016 10:29:56 AM | Filing Papers | *IMG* AFFIDAVIT OF JENNIFER M. KEARNS. (AMH) |
| 6/6/2016 10:18:58 AM | Answer | *IMG* DEFENDANTS AIG PROPERTY CASUALTY COMPANY AND CHARTIS PROPERTY CASUALTY CO.'S PLEA IN ABATEMENT AND ORIGINAL ANSWER. (AMH) |

## Activity

| Date | Type | Description |
|------|------|-------------|
| 5/25/2016 9:26:00 AM | Returns | *IMG* RETURN RECEIPT REQUEST SHOWING SERVICE AS TO AIG PRIVATE CLIENT GROUP BY SERVING: THE COMMISSIONER INSURANCE DOS 5/19/16 <CMG> |
| 5/19/2016 9:18:01 AM | Returns | *IMG* RETURN RECEIPT REQUEST SHOWING SERVICE AS TO AIG PROPERTY CASUALTY COMPANY BY SERVING ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY DOS 5/16/16 <CMG> |
| 5/19/2016 9:18:00 AM | Returns | *IMG* RETURN RECEIPT REQUEST SHOWING SERVICE AS TO AMERICAN INTERNATIONAL GROUP, INC. BY SERVING: THE COMMISSIONER OF INSURANCE C/O DAVID MATTAX DOS 5/16/16 <CMG> |
| 5/19/2016 9:17:02 AM | Returns | *IMG* RETURN RECEIPT REQUEST SHOWING SERVICE AS TO AIG BY SERVING THE COMMISSIONER OF INUSUANCE C/O DAVID MATTAX DOS 5/16/16 <CMG> |
| 5/10/2016 11:12:00 AM | Filing Papers | *IMG* LETTER FROM THOMPSON COE DATED 5/5/16 IN RE: COPY OF PETITION <CMG> MAILED ON 5/10/16 <CMG> |
| 5/9/2016 1:05:21 PM | Issuance | *IMG*(4) CITATIONS ISSUED TO AIG PROPERTY CASUALTY COMPANY AND CHARTIS PROPERTY CASUALTY CO BY CERTIFIED MAIL RETURN RECEIPT. (3) CITATIONS ISSUED TO AIG PRIVATE CLIENT GROUP; (3) CITATIONS ISSUED TO AMERICAN INTERNATIONAL GROUP AND (3) CITATIONS ISSUED TO AIG BY CERTIFIED MAIL RETURN RECEIPT. (LT) |
| 5/2/2016 2:30:53 PM | Issuance | SPOKE WITH SHEILA, LEGAL ASSISTANT, WILL BE SUBMITTING CHECK FOR FEE'S TO ISSUED CITATIONS. FEE'S FOR COPIES AND CERTIFIED MAIL HAVE BEEN PAID. (LT) |
| 5/2/2016 2:30:26 PM | Notes | *IMG*CALENDAR CALL FAXED TO ATTORNEY WILLIAM J. CHRISS (LT) |
| 5/2/2016 2:30:21 PM | Court Case Assignment | Court date/time: 7/05/2016 13:30 Hearing Type: 17 Clndr Call Assignment of court date/time. Status entered as Open |
| 4/29/2016 3:25:09 PM | Case Status | Case Status entered as ACTV. Case Status ACTV: Active For AIG PROPERTY CASUALTY COMPANY |
| 4/29/2016 3:25:09 PM | Complaint | *IMG*CONTRACT |
| 4/29/2016 3:06:58 PM | Jury Fee | JURY DEMAND PAID BY ATTORNEY WILLIAM CHRISS. (LT) |

**For more information, please contact the Webb County District Clerks (956-523-4268) or County Clerks (956-523-4266) office.**





**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 15162668**
**Date Processed: 05/17/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Eric Manne - 18th Floor<br>AIG Property Casualty<br>175 Water Street<br>Floor 15th<br>New York, NY 10038 |

| | |
|---|---|
| **Entity:** | AIG Property Casualty Company<br>Entity ID Number  0212479 |
| **Entity Served:** | AIG Property Casualty Company |
| **Title of Action:** | David Killam vs. AIG Property Casualty Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Webb County District Court, Texas |
| **Case/Reference No:** | 2016CVF001099D1 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/16/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | William J. Chriss<br>361-884-3330 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**"SERVE"**
2016CVF001099 D1

## CITATION BY CERTIFIED MAIL
### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: **AIG PROPERTY CASUALTY COMPANY**
**BY SERVING ITS REGISTERED AGENT:**
**CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TX 78701-3218**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF001099 D1 , styled:

> DAVID KILLAM, PLAINTIFF
> VS.
> AIG PROPERTY CASUALTY COMPANY, AIG PRIVATE CLIENT GROUP, CHARTIS PROPERTY CASUALTY CO., AMERICAN INTERNATIONAL GROUP, INC AND "AIG" DEFENDANTS

Said Plaintiff's Petition was filed on 04/29/2016 in said court by:

> WILLIAM J CHRISS, (ATTORNEY FOR PLAINTIFF)
> 606 N. CARANCAHUA ST. SUITE 1511
> CORPUS CHRISTI, TX 78401

**WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS,** issued and given under my hand and seal of said court at office, this 4 day of May

C L E R K O F C O U R T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042     BY: _____ DEPUTY
                          HERLINDA TORRES

### CLERK'S CERTIFICATE OF SERVICE

I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on this 4 day of May, 2016, by placing in the United States mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via Certified Mail No.7015.0920.0000.7485.5687 ADDRESSED TO: AIG PROPERTY CASUALTY COMPANY, 211 EAST 7TH STREET , SUITE 620 AUSTIN, TX 78701-3218, and endorsed thereon **"RETURN RECEIPT REQUESTED,"** after having first endorsed on said copy of said citation the date of mailing and the name and address of the within named recipient, to certify which witness my hand officially this 4 day of May, 2016.

**CALENDAR CALL SET FOR**
**07/05/2016 AT 1:30P.M.**

**ATTACH EVIDENCE OF MAILING**
**AND RETURN RECEIPT HERE.**

ESTHER DEGOLLADO
CLERK OF THE DISTRICT COURT AND
COUNTY COURT-AT-LAW
OF WEBB COUNTY, TEXAS

BY: _____ DEPUTY
    HERLINDA TORRES

Filed
4/29/2016 3:06:41 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVF001099D1

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID KILLAM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | ____JUDICIAL DISTRICT |
| | § | |
| AIG PROPERTY CASUALTY COMPANY, | § | |
| AIG PRIVATE CLIENT GROUP, | § | |
| CHARTIS PROPERTY CASUALTY | § | |
| CO., AMERICAN | § | |
| INTERNATIONAL | § | WEBB COUNTY, TEXAS |
| GROUP, INC., and "AIG" | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DAVID KILLAM, Plaintiff and files this Original Petition against the above-named Defendants and would respectfully show the Court the following:

I.

Pursuant to Rule 190, T.R.C.P., discovery is intended to be conducted under Level 3. All adverse parties are hereby also requested to disclose, pursuant to Rule 194, within 50 days of the service of this request, the information or material described in Rule 194.2, subsections (a) through (k) of the Texas Rules of Civil Procedure.

II.

Plaintiff is a person residing and domiciled in Webb County, Texas. Many events material to this lawsuit occurred in Webb County, Texas. All Defendants are requested to be served with process according to law. Pursuant to Rule 47, T.R.C.P., Plaintiff seeks non-monetary relief as well

as monetary relief over $200,000 but not more than $1,000,000, inclusive of damages of any

kind, including penalties, costs, expenses, pre-judgment interest, and attorney fees.

III.

**AIG PROPERTY CASUALTY COMPANY** is an insurance company or entity. It is

alleged to be a foreign corporation or other business entity doing business in this state. **AIG**

**PROPERTY CASUALTY COMPANY** may be cited with process via Certified Mail Return

Receipt Requested by serving its Registered Agent for service of process in Texas, Corporation

Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

**AIG PRIVATE CLIENT GROUP** is a foreign company, doing insurance business in

Texas and is sued as the entity employing certain adjusters and personnel, including but not

limited to Don Jones and Douglas Bellah, who failed to properly investigate and denied

Plaintiff's insurance claim or claims. It is alleged to be incorporated or organized in

Pennsylvania. **AIG PRIVATE CLIENT GROUP** is alleged not to maintain an agent for

service of process in this state. Pursuant to Tex. Ins. Code § 804.103, AIG Private Client Group

may be cited with process by serving the Commissioner of Insurance (Texas Department of

Insurance) via certified mail, return receipt requested, c/o Commissioner David Mattax and/or

his authorized representative on behalf of the Texas Department of Insurance, 333 Guadalupe

Street, Austin, Texas 78701. *Plaintiff requests that three (3) copies of process be mailed to the*

*Commissioner. Plaintiff further requests the Commissioner, according to law, serve process to*

*AIG Private Client Group's home office at AIG Private Client Group, 175 Water Street 18th*

*Floor, New York City, NY 10038 or to any other address on file with the Texas Department of*

*Insurance.*

2

**CHARTIS PROPERTY CASUALTY CO.** is an insurance company or entity. It is alleged to be a foreign corporation or other business entity doing business in this state. It is believed to have changed its name to **AIG PROPERTY CASUALTY COMPANY.** **CHARTIS PROPERTY CASUALTY CO.** may therefore be served with process via Certified Mail Return Receipt Requested by serving the Registered Agent of **AIG PROPERTY CASUALTY COMPANY**, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

**AMERICAN INTERNATIONAL GROUP, INC.** is alleged to be a foreign corporation or other business entity doing business in this state. It is alleged to be incorporated or organized in Pennsylvania. **AMERICAN INTERNATIONAL GROUP, INC.** is alleged not to maintain an agent for service of process in this state. Pursuant to Tex. Ins. Code § 804.103, American International Group, Inc., may be cited with process by serving the Commissioner of Insurance (Texas Department of Insurance) via certified mail, return receipt requested, c/o Commissioner David Mattax and/or his authorized representative on behalf of the Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701. *Plaintiff requests that three (3) copies of process be mailed to the Commissioner. Plaintiff further requests the Commissioner, according to law, serve process to American International Group, Inc.'s home office at American International Group, Inc., 175 Water Street 18th Floor, New York City, NY 10038 or to any other address on file with the Texas Department of Insurance.*

**"AIG"** is sued in its common or business name as the company, association, or other entity insuring the Plaintiff and his property which is the subject of this suit and employing the insurance personnel involved in underwriting and claims decisions and behavior relating thereto. **"AIG"** may be served by serving **AMERICAN INTERNATIONAL GROUP, INC.,** which is

3

an insurance company or entity alleged to manage the affairs of **"AIG." "AIG" and AMERICAN INTERNATIONAL GROUP, INC.** are alleged to be foreign corporations or other business entities doing business in this state. They are alleged to be incorporated or organized in Pennsylvania. **"AIG"** and **AMERICAN INTERNATIONAL GROUP, INC.** are alleged not to maintain an agent for service of process in this state. Therefore, pursuant to Tex. Ins. Code § 804.103, **"AIG"** may be cited with process by serving the Commissioner of Insurance (Texas Department of Insurance) via certified mail, return receipt requested, c/o Commissioner David Mattax and/or his authorized representative on behalf of the Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701. *Plaintiff requests that three (3) copies of process be mailed to the Commissioner. Plaintiff further requests the Commissioner, according to law, serve process upon "AIG" by forwarding such process to American International Group, Inc.'s home office at American International Group, Inc., 175 Water Street 18th Floor, New York City, NY 10038 or to any other address on file with the Texas Department of Insurance.*

IV.

All Defendants are insurance corporations, associations, entities, companies, and/or partnerships that at all pertinent times have done insurance business in this state. The insurance business done by them in Texas, whether through agents or directly, includes, but is not limited to, the following:

(a)   The making and issuing of contracts of insurance with the Plaintiff;

(b)   The taking or receiving of applications for insurance, including the Plaintiff's application for insurance;

(c)   The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof,

4

including any such consideration or payments from the Plaintiff; and,

(d)     The issuance or delivery of contracts of insurance to residents of this state or to persons authorized to do business in this state, including the Plaintiff.

(e)     Adjusting and investigating, or pretending to adjust and investigate, claims made by policyholders such as the Plaintiff.

Each such defendant is an "individual, corporation, association, partnership, or other legal entity engaged in the business of insurance," and each constitutes a person as that term is defined in Articles 21.21 and/or 21.55 of the Texas Insurance Code, recently re-codified as Section 541, et. seq. of the Texas Insurance Code.

V.

Venue as to this petition is proper in Webb County, Texas in that all or part of Plaintiff's causes of action accrued in such county and the property which is the subject of this suit is located in such county. This Honorable Court has jurisdiction of the case, and the Plaintiff here invokes the general and specific jurisdiction of this Court by filing the suit with the district clerk according to state law and local rule.

VI.

During the term of one or more Defendants' insurance policies and on or about May 2014, Plaintiff's property at 304 Ridge Drive, Laredo, Webb County, Texas, was damaged by water, which caused covered property damage and loss of use to the property. Plaintiff promptly reported such loss to Defendants. After such damage was initially reported to Defendants, additional covered damage was discovered and reported as well.

VII.

Defendants each had a duty to diligently and fairly investigate the loss or losses under relevant Texas insurance law and regulation, and to report the results of a proper investigation

5

promptly to Plaintiff, Defendants failed in such duty or duties. As a proximate result of this failure, including the failure and refusal to promptly and fully investigate, estimate and pay Plaintiff's insurance losses, Plaintiff was damaged. As damage continued to be discovered and displayed to Defendants, they continued to fail to do a reasonable and fair investigation of the insured losses of Plaintiff, thereby continuing to breach its contract with Plaintiff and to violate relevant statute by failing to promptly and properly investigate, estimate, and pay the covered loss owed to Plaintiff.

## VIII.

During the term of Defendants' policy, Plaintiff sustained covered loss or losses and Plaintiff promptly reported same to Defendants pursuant to the terms of all relevant insurance policies. Nonetheless, to this day, Defendants have made no payment to Plaintiff. Defendants failed to properly and promptly investigate, estimate, and pay Plaintiff's claims for clearly covered property damage.

## IX.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendants have failed and refused to pay the Plaintiff a just amount in accordance with their contractual obligations, agreements, and representations. Defendants have, by their conduct, breached their contract of insurance with the Plaintiff. Such breach proximately caused damages to the Plaintiff, consequential and otherwise as already set forth above. In addition, Plaintiff is entitled to recover attorneys' fees in connection with the contractual causes of action.

All of the conditions precedent to bringing this suit under the policy and Defendants' liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred. All notices and proofs of loss were timely and properly given in such manner as to fully

comply with the terms and conditions of the relevant insurance policies and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the insurance defendants waived them, are estopped from asserting them, and/or the Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by any adverse party. For example and by way of illustration only, Defendants' denial of all of Plaintiff's claims under the policy or policies amounts to a conclusive waiver of the performance by Plaintiff of any and all conditions or covenants in the policy, and a conclusive estoppel for Defendants to rely upon any of them in any way. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, or as to any claim of wrongful or inadequate conduct or claim or communication by Plaintiff, the insurance defendants are prohibited from asserting them or are estopped to rely on them by Texas Insurance Code, Article 705, et. seq. or by other relevant law. Moreover, as to the policy exclusions pleaded by Defendants, Plaintiff would show that all such are subject to an exception for ensuing loss otherwise covered under the policy. As to any replacement cost limitation pled by Defendants, Plaintiff would show that Defendant has waived or is stopped to assert any limitations contained in such provisions because Defendants, by their own conduct in denying Plaintiff's claims made it impossible for Plaintiff to recover any actual cash value loss and then effect repairs to the property before seeking recovery of the full cost of repair or replacement without deduction for depreciation. Alternatively, Plaintiff hereby claims any replacement cost benefits available under the policy and would show he has so claimed such benefits and submitted invoices therefore which have been rejected by Defendants.

X.

In the alternative, Plaintiff would show that he demanded appraisal of his loss or losses

7

under the relevant policy or policies, and that Defendants agreed to participate in such appraisal process and appointed an appraiser. Plaintiff also appointed an appraiser. In the event the appraisers cannot agree on the amount of the loss and/or on a person to serve as umpire of any differences between them, this court is authorized by the relevant policies to appoint an umpire of any differences between them. In the event an umpire is needed, this court should appoint one who is competent and disinterested. When and if the appraisal process properly establishes that the Plaintiff's covered loss is in an amount requiring benefits to be paid for such loss, the court should conclude that the insurance contract was breached and the loss improperly investigated and denied by Defendants.

## XI.

In the alternative, Defendants received "notices of claim" as that term is defined by Section 542.051 of the Texas Insurance Code. Plaintiff alleges in the alternative that Defendants failed to follow the requirements and time limits of Section 542.051, et. seq. also known as the Prompt Payment of Claims Statute with respect to the claim or claims that are the subject of this suit, and that therefore, Defendants owe statutory damages or percentage penalties and attorneys' fees under such code provisions.

## XII.

Defendants and their agents visited and viewed Plaintiff's property in Webb County, Texas, in connection with Plaintiff's loss or losses. Defendants knew or should have known that Plaintiff had sustained significant damage to the property in excess of all relevant deductibles and requiring significant repairs as a result of a loss and peril covered by the insurance policies. Nonetheless, Defendants denied, delayed, or failed to pay or properly investigate some or all of Plaintiff's covered claims without reasonable basis. Plaintiff reincorporates here its factual allegations

8

hereinabove and alleges that all such conduct violates Articles 21.21 and/or 21.55 of the Texas Insurance Code, recently re-codified as Sections 541 and 542, et. seq.

XIII.

Defendants' denial, delay, refusal and/or failure to pay constitutes a breach of the covenant of good faith and fair dealing, which breach was a proximate and producing cause of damages to the Plaintiff more specifically set forth herein. There was no reasonable basis for Defendant's actions, and the Defendant knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay the entirety of such claims. Furthermore, the conduct of one or more insurance defendant amounts to one or more of the following:

(a)     Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Art. 541.060 of the Texas Insurance Code, Section (a)(2);

(b)     Refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Art. 541.060 of the Texas Insurance Code, Section (a)(7);

(c)     Failing to handle, investigate, or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988);

(d)     Committing a course of conduct that is unconscionable;

(e)     Refusing to pay a claim without a reasonable basis in violation of common law;

(f)     Delaying payment of a claim without a reasonable basis in violation of common law;

(g)     Denying and/or delaying payment of a claim without determining whether there is any reasonable basis to do so in violation of common law;

9

(h)     Failing within a reasonable time to affirm or deny coverage in violation of Art. 541.060 of the Texas Insurance Code, Section (a)(4); or

(i)     Other violations of law.

### XIV.

As a result of all of such conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.. The conduct of all adverse parties, jointly and severally, proximately caused the injuries and consequential damages to the Plaintiff for which it herein sues. As a result, Plaintiff seeks actual damages, jointly and severally from all adverse parties, in all capacities and with all standing Plaintiff possesses.

### XV.

In part, this pleading is filed against the insurance defendants pursuant to the law of good faith and fair dealing as well as under common law and the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Suit is authorized and here brought, in part, under Art. 541.151of the Texas Insurance Code and Section 17.50, et.seq., of the Texas Business and Commerce Code. All required notices or demands have been served upon Defendants or are excused. In the alternative, this suit is brought for breach of contract, and for recovery under a policy of insurance. Plaintiff is a consumer of Defendants in that it purchased insurance from said entities and/or services and advice to be provided by them. Because of the facts pleaded herein, Plaintiff alleges in the alternative that all Defendants are jointly and severally liable under the policy and the relevant provisions of the Texas Insurance Code and common law of good faith and fair dealing because they, by law, stand in the position of insurer or surety for an insurer vis-a-vis the

10

Plaintiff either by contract, by voluntary act, or under theories of joint venture or joint enterprise, or otherwise by law.

## XVI.

Plaintiff is a consumer as that term is defined under the DTPA because Plaintiff is not a business consumer because he is suing for damage to his residence. All adverse parties' actions amounted to unconscionable acts and unconscionable courses of action as those terms are defined and contemplated by the Texas Deceptive Trade Practices Act/Tex. Bus. & Com. Code § 17.50(a)(3). Reviewing the acts of such parties, Plaintiff was taken advantage of to a grossly unfair degree. In the alternative, misrepresentations were made by them as well as material failures to disclose. Furthermore, these acts all took place in the context of and in connection with the Defendants' provision of insurance and investigation and adjustment services to Plaintiff. Some of these misrepresentations and failures to disclose are catalogued above. Such conduct proximately caused damages to Plaintiff.

## XVII.

The actions of Defendants amount to breach of contract that proximately caused damages to Plaintiff and that allows Plaintiff to sue for all benefits owed and promised under said contract.

## XVIII.

In order to prosecute this action against the adverse parties, Plaintiff has been required to retain the services of the undersigned attorneys and will incur the fees and expenses of said attorneys in regard to this action. Accordingly, pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, and under several other relevant statutes applicable to the conduct and causes of action alleged herein, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees incurred through trial and any appeal.

11

## XIX.

The conduct of the Defendants was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code or Texas Deceptive Trade Practices Act. Pursuant to the provisions of such laws, Plaintiff seeks to have its economic damages trebled because Defendants, at all times pertinent hereto, acted knowingly as that term is described by statute and/or with reckless disregard for the rights of Plaintiff.

## XX.

Plaintiff reincorporates herein by reference the above allegations and would show that under the facts and circumstances then existing, or formally or as a matter of law, one or more Defendants stood in a relationship of trust and confidence toward Plaintiff and had a fiduciary duty to Plaintiff. Defendants breached this duty as reflected above, and by violating their duties of care and the utmost good faith. Defendants did not make full disclosure to Plaintiff and did not put Plaintiff's interest above their own. Such breaches of fiduciary duty proximately caused damage to Plaintiff and require that Defendants disgorge all consideration paid to, or claimed by, them, as well as paying the actual damages proximately caused thereby.

## XXI.

Plaintiff asserts all statutory claims, demands, and causes of action assertable under Texas law from the pleaded scenario and facts. All notices required by law or contract have been timely and properly given or else are excused or made unnecessary by any impending statute of limitations or otherwise.

## JURY DEMAND AND PRAYER

## XXII.

12

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial and tenders to the Clerk of the Court the statutory jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DAVID KILLAM prays that the adverse parties it alleges claims against herein be cited to appear, and that on final trial, Plaintiff have judgment or other court action against such parties in the following respects and in the alternative:

A.    For damages against defendants jointly and/or severally for breach of contract, tort, or other wrongful conduct, including consequential damages;

B.    For damages for violations of statute, and the common law, including any relevant statutory penalties;

C.    For damages against all adverse parties, jointly and/or severally for violations of statutes, the common law, negligence, breach of duty, and all other causes of action alleged herein in the amount of the damages caused to Plaintiff and/or the building and other property as alleged hereinabove;

D.    For additional damages, disgorgement, and all other relief prayed for or requested hereinabove in this pleading, including but not limited to the appointment of an umpire.

In the alternative, Plaintiff prays, moves and respectfully requests this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiff such relief that it has requested above and any relief as to which it may show itself justly entitled, either at law or in equity, either general or special, including judgment against all adverse parties for disgorgement or forfeiture of fees, actual damages, attorneys' fees, costs of suit, statutory penalties, and prejudgment and post-judgment interest, if allowed by law, and including judgment for contribution and/or indemnity, and for additional damages under the facts set forth in this or any amended pleading.

13

Respectfully submitted,

William J. Chriss
State Bar No. 04222100

WILLIAM J. CHRISS, P.C.
*of counsel to*

GRAVELY & PEARSON, L.L.P.
606 N. Carancahua St., Suite 1511
Corpus Christi, Texas 78401
(361) 884-3330 Telephone
(512) 590-8696 Facsimile
wjchriss@gplawfirm.com

Marc Gravely
State Bar No. 00787582
GRAVELY & PEARSON, L.L.P.
425 Soledad, Ste. 600
San Antonio, TX 78205
(210) 472-1111Telephone
(210) 472-1110 Facsimile
mgravely@gplawfirm.com

14



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

May 11, 2016

# NOTICE OF CALENDAR CALL

CAUSE NO. <u>2016CVF001099 D1</u>

<u>DAVID KILLAM</u>
VS
<u>AIG PROPERTY CASUALTY COMPANY ET.AL.</u>

Please take notice that this case is set for Calendar Call on   <u>07/05/2016</u>
at <u>1:30 PM</u> at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable
Judge Jose A. Lopez.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and
Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures
prior to calendar call date.  This guideline order should have all appropriate dates including
pre-trial, jury selection and all deadlines.

<u>Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may
be dismissed for lack of prosecution.</u>

<u>Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.</u>

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

---

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:



CERTIFIED MAIL®

7015 0920 0000 7485 5687



# Webb County

DISTRICT COURTS &
COUNTY COURTS AT LAW

ESTHER DEGOLLADO / DISTRICT CLERK
P.O. Box 667
LAREDO, WEBB CO., TEXAS 78042-0667

THIS ENVELOPE CONTAINS

# IMPORTANT

LEGAL INSTRUMENTS
FOR YOUR SAFEKEEPING

AIG PROPERTY CASAUALTY COMPANY
BY SERVING ITS REGISTERED AGENT:
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701-3218



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 78040 $ 006.85
02 1W
000 140 2592 MAY. 12. 2016

Filed
6/6/2016 10:18:58 AM
Esther Degollado
District Clerk
Webb District
Ana Hernandez
2016CVF001099D1

CAUSE NO. 2016CVF001099 D1

| | | |
|---|---|---|
| DAVID KILLAM, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| AIG PROPERTY CASUALTY | § | |
| COMPANY, AIG PRIVATE CLIENT | § | WEBB COUNTY, TEXAS |
| GROUP, CHARTIS PROPERTY | § | |
| CAUSALTY CO., AMERICAN | § | |
| INTERNATIONAL GROUP, INC. and | § | |
| "AIG," | § | |
| | § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

## DEFENDANTS AIG PROPERTY CASUALTY COMPANY and CHARTIS PROPERTY CASUALTY CO.'S PLEA IN ABATEMENT AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants AIG PROPERTY CASUALTY COMPANY and CHARTIS PROPERTY CASUALTY CO. ("DEFENDANTS") file this Verified Plea in Abatement and Original Answer and respectfully show the Court the following:

## I.
## PLEA IN ABATEMENT

1.1    The allegations against Defendants include violations of Chapters 541 of the TEXAS INSURANCE CODE and the Deceptive Trade Practices Act, Chapter 17, Subchapter E of the TEXAS BUSINESS AND COMMERCE CODE.

1.2    Prior to seeking recovery under these provisions, Plaintiff was required to provide written notice to Defendants at least sixty (60) days before filing suit, advising Defendants of Plaintiff's specific complaint and amount of damages and expenses reasonably incurred in asserting the claim against Defendants. *See* TEX. INS. CODE ANN. §541.154(a); TEX. BUS. &

COMM. CODE ANN. §17.505(a).  Defendants did not receive the statutory notice required by the TEXAS INSURANCE CODE and the TEXAS BUSINESS AND COMMERCE CODE.

1.3     Pursuant to §541.155(a) of the TEXAS INSURANCE CODE and §17.505 of the TEXAS BUSINESS & COMMERCE CODE, Defendants file this plea in abatement to abate Plaintiff's actions until the sixtieth (60th) day after the date notice is received by Defendants.

1.4     Because Defendants' plea has been verified, this suit shall be automatically abated beginning on the 11th day after this plea in abatement is filed, absent the filing of a controverting affidavit.  If Plaintiff files a controverting affidavit, Defendants request a hearing on its request for abatement.

## II.
## ORIGINAL ANSWER

2.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained within the Plaintiff's Original Petition, and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

## III.
## CONCLUSION AND PRAYER

Wherefore, premises considered, Defendants AIG PROPERTY CASUALTY COMPANY and CHARTIS PROPERTY CASUALTY CO. pray that this matter be automatically abated until the sixtieth (60th) day after the date notice is received by Defendants in compliance with the TEXAS INSURANCE CODE §541.154(a), that Plaintiff take nothing by his suit, and for such other further relief to which Defendants may show themselves justly entitled.

Respectfully submitted,

By:    */s/ Jennifer M. Kearns*

**Jennifer M. Kearns**
State Bar No. 24049865
**Jeffrey D. Janota**
State Bar No. 00795447
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas  78701
Telephone:  (512) 703-5032
Facsimile:  (512) 708-8777
jkearns@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS AIG
PROPERTY CASUALTY COMPANY AND
CHARTIS PROPERTY CASUALTY CO.**

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of June, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties in accordance with the Texas Rules of Civil Procedure:

William J. Chriss
State Bar No. 04222100
WILLIAM J. CHRISS, P.C. *(of counsel to)*
GRAVELY & PEARSON, L.L.P.
606 N. Carancahua Street, Suite 1511
Corpus Christi, Texas 78401
Telephone: (361) 884-3330
Facsimile: (512) 590-8696
wjchriss@gplawfirm.com

Marc Gravely
State Bar No. 00787582
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110
mgravely@gplawfirm.com

                          */s/ Jennifer M. Kearns*
                          Jennifer M. Kearns